Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties in the form of a Pre-Trial Agreement on June 2, 1995 as
STIPULATIONS
1. All parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act. The defendant is self insured and GAB Business Services was the servicing agent for Lowe's, Inc. on July 11, 1994.
2. That on the date of the alleged injury there existed the relationship of employer and employee between the plaintiff and defendant.
*********
The Full Commission adopts the findings of the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of hearing, plaintiff was twenty-three years old and had completed one year of college. Plaintiff has a certificate as a nursing assistant.
2. Plaintiff began working for defendant on October 4, 1993, as a cashier. Plaintiff's job duties included checking out customers who had made purchases in the lumber department.
3. Plaintiff normally would check out customers who were purchasing lumber, bags of soil and bags of rocks. While checking out a customer if the bar code was not turned up, plaintiff would have to lift the merchandise and turn it over so that the bar code would be visible so that she could scan the bar code. Plaintiff had been trained in the correct manner to lift and turn items. She was also given a safety belt to wear.
4. On July 11, 1994, plaintiff was checking out a customer who was purchasing a bag of rocks that weighed approximately fifty pounds. When the customer came to the check out counter the bar code on the bag of rocks was face down. Plaintiff in a normal manner bent at her knees, squatted down and turned the bag over to enable her to scan the bar code. As plaintiff was standing up from the squatted position she heard her left hip pop.
5. Plaintiff continued to check out the customers in her line and after she had checked out the last customer, she reported the incident to her supervisor. Plaintiff was sent to the office to complete forms recording the incident. Upon completing the forms she went to see Dr. Rocco.
6. Plaintiff did not miss any time from work other than the afternoon of the incident when she went to the doctor.
7. Plaintiff was terminated by defendant on August 22, 1994, for other reasons unrelated to her injury.
8. While being interviewed by Debbie Barnett, the insurance adjuster, plaintiff was asked if anything unusual happened while she was standing back up from the squatted position at the time of this incident. Plaintiff told Debbie Barnett that nothing unusual happened. Plaintiff was asked if she lost her balance, or if the bag slipped or was yanked, or if anything else happened that was unusual, plaintiff's response was "no".
**********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. Plaintiff did not suffer an injury by accident on July 11, 1994, while in the employment of defendant. Plaintiff's hip injury happened while she was performing her normal job duties in a normal manner. Plaintiff's normal routine of work was not interrupted and there were no unusual conditions or events which occurred that were likely to result in any unexpected consequences.
2. Plaintiff is not entitled to recover any workers' compensation benefits on account of any injury that she may have suffered on July 11, 1994.
*********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission makes the following
AWARD
1. Plaintiff's claim for workers' compensation benefits must under the law be and it is hereby DENIED.
2. Each side shall pay its own costs.
 S/ _________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _________________________ THOMAS J. BOLCH COMMISSIONER
BSB:md